This is a suit brought by a father on his own behalf and also on behalf of his minor son, twelve years old, to recover damages arising out of an accident which caused injuries to his son and which he claims happened through the gross negligence and carelessness of T.L. Bozeman, Sr., one of the defendants.
He sued T.L. Bozeman, Sr., and T.L. Bozeman, Jr., individually and as members of a partnership. In his petition he alleged that he was not certain who was the owner of the truck that ran into his child, that is, whether it belonged to T.L. Bozeman, Sr., or T.L. Bozeman, Jr., or to both operating a business under the name of Bozeman Concrete Company. We believe however that the testimony shows that the truck belonged to T.L. Bozeman, Sr., at the time of the accident and that the business was his. T.L. Bozeman, Jr., was then in the service of the armed forces of the United States and it was not until his return home that his father turned the business over to him.
The judgment of the trial court rejected the demands of the plaintiff, whereupon he was granted and has perfected this devolutive appeal.
According to the allegations of the plaintiff's petition which are not seriously disputed by the parties made defendant except with regard to the direct act of negligence charged against T.L. Bozeman, Sr., driver of the truck, the accident happened on July 19, 1944, at the corner of North Street, in the city of Baton Rouge, where that street is joined by Margaretta Street which runs south from that point. The boy was riding a bicycle, going cast on North Street and was to turn south into Margaretta Street to go to his uncle's home for dinner. He worked for this uncle, who was a cobbler, running errands for him and shining shoes in his shop. As he reached the corner of Margaretta Street just about at the same time as the truck did, the accident occurred either by the truck having struck the bicycle or by the boy having run into the truck. He was injured rather seriously and his father asks for damages in the sum of $3500 on his behalf and for the sum of $1796.10 for himself which he claims are expenses he had to incur incidental to the injuries his son sustained.
The defense is practically that this boy heedlessly ran into the rear or side of the truck after it had started to make the turn into Margaretta Street and that the *Page 466 
accident was caused solely by his negligence in that manner.
The only issue in the case is on the point presented by the defense in the answer filed and on which of course there is a conflict of testimony. Plaintiff produced several witnesses to show that the boy was riding his bicycle ahead of the truck and that although the truck was travelling at a very moderate rate of speed, anywhere from ten to fifteen miles an hour, in making the turn into Margaretta Street it crowded the boy next to a large ditch and it was a question of his bicycle falling into the ditch or his trying to hold to the street along the side of the truck. He tried to maintain his position on the street but nevertheless the truck struck his bicycle and threw him into the ditch, injuring him as he has claimed. The plaintiff and all of his witnesses are negroes and apparently the trial judge did not believe their testimony or at least he did not accept it in preference to that of Mr. Bozeman and a negro witness who was on the truck with him at that time.
There are reasons to doubt the testimony of some of the witnesses for plaintiff. The first one of these, for instance, a man by the name of William Johnson, testified that as well as he remembered, the accident occurred about July, 1942, when as a matter of fact it took place in July, 1944. True he corrected this when he was recalled to the witness stand after a court recess but if he was mistaken by two years as to the time it took place it seems likely that he could not have been as positive as he was about other details as to what happened. He states that the boy was riding ahead of the truck on his bicycle when he saw them both travelling east on North Street. He did not see the actual collision as either the truck or a car parked on the south side of North Street obstructed his view. He says that he could not see them at the moment but "Mr. Bozeman must have been turning when he hit him." Then when asked to locate the truck after the accident he states that it was twenty five yards down Margaretta Street. He is the only witness who places it the as all the others say that it was just at the corner and some recall it as having its rear end extending into North Street.
Another witness, Carey Dixon by name, testified that he saw the accident; that he had first seen both the boy on the bicycle and the truck going east on the right hand side of North Street that the boy was in front of the truck and as he turned into Margaretta Street the truck did likewise and "that made him hit the truck." He was pressed closely on this point on cross-examination and was a bit evasive. However, in answer to the specific question; "Didn't the boy ride his bicycle into the side of the truck, just like you stated when you testified at first? Isn't that the way it happened?", he says "Yes, sir."
The third of plaintiff's witnesses, Edward Baxter, says that he was coming along North Street behind Mr. Bozman's truck. The truck was then about twenty feet from the corner of Margaretta Street and the boy was about ten feet ahead of it. He is not definite in this but seems to state that the truck hit the bicycle and threw the boy in the ditch just as they were both to make the turn into Margaretta. As a matter of fact, he appears rather positive that the bicycle was thrown in the ditch along the south side of North Street and apparently is the only witness who fixes the place of impact at that point.
It was most probably because of these discrepencies that the trial judge rejected the testimony of these witnesses.
Mr. Bozeman testified that the boy was not in front of him and had he been, he certainly would have seen him. He is positive in his assertion that he did not see him until he got out of his truck and picked him up. He says that the colored boy who was riding with him, seated next to him on the driver's seat, yelled "Look out, boy," and as he did, he heard the impact of the bicycle against the back wheel of the truck. He wasn't going much faster than ten miles an hour and was able to stop almost instantly.
The boy Elvey Lewis who was on the driver's seat with Mr. Bozeman, states that he saw the boy when he was so close to the truck that he just had time to throw *Page 467 
out his hand and he then hit the back wheel. He did not see where he came from and all that he had time to do after he did see him was to hold out his hand and call to him to watch out.
[1] Every witness for the plaintiff who testified about the damage done to the bicycle stated that it was only the front wheel that was bent. That, it seems to us, is a physical fact strongly corroborative of the testimony of the defendant and his witness that it was the bicycle that ran into the truck and not the truck that hit the bicycle.
[2] Much is said in argument about the high degree of care a motorist must exercise when he is driving near children who are riding bicycles on the street. He is no doubt charged with the responsibility of being very cautious and of keeping his vehicle under control so as to avoid running into them. The rule however contemplates that he must have had the opportunity of seeing them or that they were in a place where he should have seen them and he then could reasonably anticipate an unexpected movement on their part. The proof in this case does not show that Mr. Bozeman had such opportunity and consequently the rule does not apply.
Finding no manifest error in the judgment appealed from it will stand affirmed.
Judgment affirmed at the costs of the plaintiff, appellant.